**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ARTHUR GALLOWAY | * |
| | * |
| v. | * |
| | * |
| HORNE CONCRETE | * |
| CONSTRUCTION | * |
| | *   **Civil No. JKS 09-2274** |
| and | * |
| | * |
| SASA DJURIC | * |
| | * |
| and | * |
| | * |
| APOLLO, INC. | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Arthur Galloway filed this negligence action against Defendants Horne Concrete

Construction (Horne), Sasa Djuric (Djuric), and Apollo Transportation Specialists, Inc. (Apollo)

(collectively, Defendants). ECF No. 1. Pursuant to consent of the parties, this case was referred

to me for all further proceedings. ECF No. 18. Presently pending are Defendant Apollo's

motion for summary judgment, ECF No. 27, Defendant Djuric's motion for summary judgment,

ECF No. 29, Defendant Horne's motion for leave to file under seal, ECF No. 35, and Defendant

Horne's motion for partial summary judgment regarding Plaintiff's claimed loss of income, ECF

No. 36. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth

below, Defendant Apollo's motion for summary judgment will be granted, Defendant Djuric's

motion for summary judgment will be denied, Defendant Horne's motion for leave to file under

seal will be granted, and Defendant Horne's motion for partial summary judgment will be

denied.

**I.     Background.**

The following facts are uncontroverted unless otherwise noted. This case arises out of a five-car automobile accident on Interstate 95 in Harford County, Maryland. The parties to the accident were ordered as follows: vehicle #1 was a pickup truck driven by Matthew Groh who is not a party to this suit; vehicle #2 was a tractor-trailer owned by Defendant Apollo and driven by Roger Boschert; vehicle #3 was a tractor-trailer driven by Plaintiff Arthur Galloway; vehicle #4 was a tractor-trailer driven by Defendant Djuric; and vehicle #5 was a rollback dump truck owned by Defendant Horne and driven by Horace Kenly.

Galloway testified that he was driving his tractor-trailer southbound on Interstate 95 when he noticed that all the lanes were blocked in front of him. ECF No. 27, Ex. 3 at 17. Galloway stopped his vehicle behind Boschert's stopped tractor-trailer, and the tractor-trailer driven by Djuric also stopped behind Galloway. Galloway testified that he was stopped for two to three minutes before his vehicle was hit from behind and shoved into Apollo's trailer. *Id.*

Boschert testified that he was driving about fifty-five miles per hour on Interstate 95 when everyone stopped in front of him and he was forced to come to a complete stop. *Id.*, Ex. 2 at 20–24. No more than five seconds after Boschert stopped, he felt a collision from the rear that shoved his vehicle into the back of the pickup truck in front of him. *Id.* at 24. Boschert did not know the cause of the accident because he could not see beyond Galloway's tractor-trailer. *Id.* at 27–28.

Kenly testified that he was driving between thirty and thirty-five miles per hour in the middle lane that day because the traffic was heavier than normal. *Id.*, Ex. 4 at 18–19. He turned his turn signal on to move to the right-hand lane when the traffic suddenly came to a halt. *Id.* at 20. Kenly's vehicle struck the back of Djuric's tractor-trailer. *Id.* Kenly believed that Djuric's

truck had hit somebody because it had come to an abrupt stop and he did not see any smoke or hear squealing tires. *Id.* at 36–37.

As a result of the accident, Galloway's truck needed to be towed, but he did not believe he was injured at the time of the accident. *Id.*, Ex. 3 at 23–25. The day after the accident, however, Galloway realized that he had pain in his lower back and right thumb and needed to go to the hospital. *Id.* at 25–27. Galloway has not worked since the accident. *Id.* at 91–92.

## II.    Standard of Review.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). To defeat the motion, the party opposing summary judgment must

submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

III.    Discussion.

A. Defendant Apollo's Motion for Summary Judgment.

Defendant Apollo has filed an uncontested motion for summary judgment arguing that there is no evidence that its driver, Roger Boschert, was negligent. The record supports this contention. First, Plaintiff Galloway testified that Boschert's vehicle was brought to a complete stop before the accident occurred. Second, while Defendant Horne claimed in its answers to interrogatories that Boschert's brake lights were not working, Horne's driver, Kenly, testified that he was unable to see Boschert's brake lights because the vehicles in front of him were blocking his view. ECF No. 27, Ex. 4 at 53–54. Further, Galloway testified that he saw Boschert's brake lights and they were working at the time of the accident. *Id.*, Ex. 3 at 90. As no genuine issue of fact exists regarding the lack of negligence of Boschert, Defendant Apollo's motion for summary judgment will be granted.

B. Defendant Djuric's Motion for Summary Judgment.

Defendant Djuric also argues that there is no evidence that he was negligent and a proximate cause of the accident. Djuric points to Galloway's testimony that his vehicle was struck only once, after Djuric's vehicle had stopped behind him. ECF No. 27, Ex. 3 at 100–01. Djuric also argues that only he and Galloway were in a position to determine whether Djuric's vehicle hit Galloway's vehicle prior to the contact with Kenly's vehicle.

Defendant Horne acknowledges that no witness observed Djuric's vehicle hit Galloway's, but argues that there is circumstantial evidence of Djuric's negligence in the deposition testimonies of Horace Kenly, Matthew Groh, and Maryland State Trooper Robert Hill.  Kenly testified that Djuric's tractor-trailer came to a sudden and abrupt stop as if it had hit something.  *Id.*, Ex. 4 at 25, 36–37.  Kenly reached this conclusion because despite stopping suddenly, the tractor-trailer did not leave any skid marks and his tires were not smoking.  *Id.* at 36–37, 62–63.  Groh testified that while he did not see the collisions, he heard a series of smaller collisions followed by a very loud collision.  *Id.*, Ex. 1 at 15–19.  Due to the size of the vehicles and their loads, Groh concluded that Kenly's vehicle caused the loud collision.  *Id.* at 16.  Trooper Hill concluded that Djuric's vehicle struck Galloway's vehicle before Kenly's vehicle hit Djuric's.  ECF No. 34, Ex. 3 at 11–14; *Id.*, Ex. 4.  He reached this conclusion based on his interviews of all those involved with the accident.  *Id.*, Ex. 3 at 14–15.

The law does not make a distinction between direct and circumstantial evidence, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99–00 (2003), and the foregoing evidence creates a genuine issue of fact as to whether Djuric caused or contributed to the accident.  Accordingly, Defendant Djuric's motion for summary judgment will be denied.

### C.  Defendant Horne's Motion for Partial Summary Judgment.

Defendant Horne moves for partial summary judgment on Galloway's damage claims. Horne seeks to prevent Galloway from asserting that he had income greater than that reflected on his income tax returns, bankruptcy filing, and other documents.  Horne also seeks to preclude Galloway from asserting any lost wage claim and asserting that the accident caused him to default on his mortgage.

Horne notes that Galloway is claiming lost income in the form of lost gross profits without deducting his expenses. Horne argues that to allow Galloway to claim lost gross profits would result in a "double windfall recovery." Any dispute regarding the calculation of lost income, however, must be submitted to a factfinder. Evidence that Galloway's actual lost income was less than he claims will be considered at that time. Since there is a material dispute of fact on the issue, it cannot be resolved on summary judgment.

Horne also claims that Galloway cannot attempt to prove that this accident caused his mortgage foreclosure because his prior bankruptcy petitions show that his mortgage was in arrears prior to this accident. This evidence, while it contradicts Galloway's testimony that he lost his home due to this accident, does not preclude Galloway from making the claim. Rather, it may be used to impeach the accuracy and/or credibility of that claim.

Horne also asserts that Galloway should be precluded from pursuing any lost income claim because his attempt to claim gross profits is an "attempt to subvert the justice system." Horne cites *Smith v. Cessna Aircraft Co.,* 124 FRD 103 (D. Md. 1989), for the proposition that a claimant of lost wages who misrepresents his income can be barred from pursuing the claim. *Smith*, however, is not that broad. There, the plaintiff's lost wage claim was dismissed because he deliberately submitted forged tax returns in response to the defendant's request for production of documents and admitted to lying under oath about his tax returns in his answers to interrogatories and at his deposition. *Id.* at 105. The court found that the Plaintiff's conduct constituted a fraud on the court which warranted the sanction of dismissal of his lost income claim. *Id.* at 107-08.

Here, unlike in *Smith*, Horne has not shown that Galloway falsified documents or testimony with the intent to deceive. Rather, Galloway has simply asserted a claim that is

contradicted by his IRS and other documents.  While this conduct certainly casts doubt on

Galloway's credibility, *id.,* Horne has failed to demonstrate the deliberate, dishonest conduct

necessary to warrant the harsh sanction of dismissal of the lost wage claim.

Horne further argues that Galloway should be judicially estopped from claiming income

greater than that which appears on his federal income tax returns and bankruptcy filings.

Three elements must be shown to apply the doctrine of judicial estoppel:

(1) the party sought to be stopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation;

(2) the prior inconsistent position must have been accepted by the court; and

(3) the party against whom judicial estoppel is to be applied must have intentionally misled the court to gain unfair advantage.

*Moore v. Universal Underwriters Ins. Co.,* 363 Fed. Appx. 268 (4th Cir. 2010) *citing Zinkand v.*

*Brown,* 478 F.3d 634, 638 (4th Cir. 2007) and *Lowerty v. Stovall,* 92 F.3d 219, 224 (4th Cir.

1996).

Here, Galloway's tax returns were not filed in connection with any prior litigation, and

his bankruptcy petitions do not address the 2006 lost wages claimed.  In addition, as previously

noted, there is no showing of intentional fraud; there is strong evidence with which to both

contradict Galloway's claim and to attack his credibility, but it falls short of fraud.  In sum, the

amount of Galloway's lost income is materially disputed and cannot be decided on summary

judgment.

**IV.     Conclusion.**

For the foregoing reasons, Defendant Apollo's motion for summary judgment will be granted, Defendant Djuric's motion for summary judgment will be denied, Defendant Horne's motion for leave to file under seal will be granted, and Defendant Horne's motion for partial summary judgment will be denied.

Date:  <u>January 24, 2011</u>                                        <u>                                /S/                                </u>
                                                                                JILLYN K. SCHULZE
                                                                                United States Magistrate Judge